[Cite as *State v. Lewis*, 2011-Ohio-5392.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 96234**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CAMERON LEWIS

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-537874

BEFORE: Rocco, J., Boyle, P.J., and Keough, J.

RELEASED AND JOURNALIZED: October 20, 2011

-i-

**ATTORNEY FOR APPELLANT**

John T. Castele
1310 Rockefeller Building
614 West Superior Avenue
Cleveland, Ohio   44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:    Erica Barnhill
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

KENNETH A. ROCCO, J.:

**{¶ 1}**  Defendant-appellant Cameron Lewis appeals from his conviction for aggravated theft. Upon a review of the record, we affirm.

**{¶ 2}**  On June 11, 2010, appellant was indicted on one count of burglary in violation of R.C. 2911.12(A)(1); one count of intimidation of a crime victim or witness in violation of R.C. 2921.04(B); and one count of theft in violation of R.C. 2913.02(A)(1). Appellant pled not guilty to the indictment.    Prior to the commencement of trial, the state dismissed the intimidation charge and appellant waived his right to a jury trial. The case proceeded to a bench trial on November 3, 2010.

**{¶ 3}** Angela Allen testified that on April 27, 2010, she resided in an apartment located at East 71st Street and Park Avenue with her husband, Preston Allen, her ten year-old son, David Anderson, and her fourteen year-old daughter. On that day a recently purchased flat-screen television was located in the living room of her apartment. Angela explained that during the early morning hours of the day in question, she went to sleep following an overnight visit to the hospital. Before retiring, she gave David permission to play with a friend down the street. She directed him to lock the door on his way out. Angela then went to bed after taking a prescription drug to assist her with sleep. Her husband also slept nearby.

**{¶ 4}** When Angela awoke, she noticed that the television was missing. She testified that she did not grant anybody permission to come into her home that day or to take the television.

**{¶ 5}** Angela's son, David, testified next. He confirmed that on April 27, 2010, he returned home from being at the hospital with his mother and stepfather and that he asked whether he could visit a friend down the street.

**{¶ 6}** Later at his friend's house, the friend's uncle Jeff told David and his young friend to clean the garage. Also at the friend's house at the time were the appellant and a pregnant girl, whose name was unknown to David. Later while cleaning the garage, David's pants became wet, which prompted him to return home to change his clothes.

{¶ 7}   As David was walking near his home, he witnessed appellant carrying the flat-screen television covered with a white sheet.   David's testimony was unclear as to whether he saw appellant carrying the television before or after he had   changed his wet pants; whether he saw appellant leaving David's home or merely on the street carrying the television; and as to the level of involvement   of Jeff and the pregnant girl.   David's testimony, nonetheless, was clear and unwavering that appellant was the individual he saw carrying the television on the day in question.

{¶ 8}   David further testified, and Detective Joel Campbell confirmed, that he positively identified appellant in a photo array as the individual carrying the flat-screen television.

{¶ 9}   Finally, David testified that the day prior to this incident, Jeff was at David's house with David's stepfather and Jeff observed the new flat-screen television in the living room.

{¶ 10} Based upon the aforementioned evidence, the trial court found appellant not guilty of burglary, but guilty of aggravated theft.   The court later sentenced appellant on November 30, 2010, to one year of community control sanctions.

{¶ 11} Appellant now appeals his conviction with the following assignment of error:

**"I. The defendant's conviction was against the manifest weight of the evidence."**

{¶ 12} Appellant argues in his sole assignment of error that his conviction for aggravated theft is not supported by the manifest weight of the evidence. We find that appellant's argument is without merit.

{¶ 13} In considering a challenge to the manifest weight of the evidence, the reviewing court examines the entire record, weighs the evidence and all reasonable inferences, and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶81. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541. Moreover, this court must remain mindful that the weight of the evidence and the credibility of the witnesses are matters primarily for the trier of fact to assess. *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.

{¶ 14} Upon review of the record, we cannot conclude that the trial court lost its way. The evidence demonstrated that appellant knowingly obtained control of the television without the consent of the owners. Angela testified that she purchased a flat-screen television for $600. When she went to sleep that morning the television was present in her living room. When she awoke later that morning, she discovered that her

new television was missing, and she had not authorized or invited anyone other than her family in her home on the day in question.

{¶ 15} David testified that he saw appellant walking down the street with a flat-screen television covered by a white sheet. Admittedly, the testimony of the ten year-old boy was unclear on certain points. David's testimony, however, identifying appellant as the individual carrying the television was clear and unwavering. Furthermore, the trial court, which is in a better position to determine witness credibility, believed David's testimony in this regard. Keeping in mind that the weight of the evidence and the credibility of the witnesses are matters primarily for the trier of fact to assess, we find appellant's conviction for aggravated theft is not against the manifest weight of the evidence. See *State v. DeHass*, supra.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KENNETH A. ROCCO, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR